1  STEPHEN M. RINKA, SBN 219626
   Email: Srinka@rinkalaw.com
2  **THE RINKA LAW FIRM, PC**
   433 N. Camden Drive, Suite 600
3  Beverly Hills, California 90210
   Telephone: (310) 556-9653
4  Facsimile: (310) 579-8768

5  MATTHEW T. MOORE, SBN 324962
   Email: matthew@mattmoore-law.com
6  **MATT MOORE LAW**
   2600 W. Olive Ave., Suite 500
7  Burbank, California 91505
   Telephone: (818) 306-2300

8  Attorneys for Plaintiffs

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JULIAN ROJAS, an Individual; and JUAN HUERTA, an individual; | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | 1. Failure To Pay Earned Wages (California Labor Code §§ 204, 206, 218.5, and 218.6) |
| VIVINT SOLAR, INC., a Delaware Corporation; and DOES 1 – 10, inclusive; | 2. Failure To Pay Minimum Wage (Cal. Labor Code §§ 1194 and 1197 |
| Defendants; | 3. Failure To Pay Minimum Wage - Penalties (Cal. Labor Code § 1197.1) |
| | 4. Failure To Allow Meal Breaks (Cal. Labor Code §§ 226.7 and 512) |
| | 5. Failure To Allow Rest Breaks (Cal. Labor Code §§ 226.7) |
| | 6. Failure To Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226) |
| | 7. Waiting Time Penalties (Cal. Labor Code § 203) |
| | 8. Unfair Business Practices (Cal. Business & Professions Code §§ 17200, ET SEQ.) |
| | **DEMAND FOR JURY TRIAL** |

1.     Plaintiffs JULIAN ROJAS and JUAN HUERTA bring this action against Vivint Solar, Inc. and DOES 1 – 10, inclusive, individually and on behalf of all other similarly situated individuals employed under commons circumstances and facts.  The allegations made in this complaint are based on knowledge of Plaintiffs Julian Rojas and Juan Huerta, except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.     NATURE OF THE ACTION

2.     This is a wage and hour class action to vindicate the rights afforded employees under California labor law.  This action is brought by Julian Rojas ("Rojas") and Juan Huerta ("Huerta") for themselves and on behalf of a Class of similarly situated individuals against Defendant Vivint Solar ("Vivint") and Does 1 through 10 (collectively referred to as "DEFENDANTS").

3.     This action revolves around the systematic failure by DEFENDANTS to pay California non-exempt employees, including PLAINTIFFS and the Class, in conformance with California law.  DEFENDANTS have employed PLAINTIFFS and the Class directly or as agents of one another and are referred to collectively herein as "EMPLOYER DEFENDANTS."

4.     The core violations PLAINTIFFS allege against the Employer DEFENDANTS are: (1) Failure to Allow Meal Periods; (2) Failure to Allow Rest Periods; (3) Failure to Pay Earned Wages; (4) Failure to Provide Accurate Itemized Wage Statements; and (5) Waiting Time Penalties.

5.     EMPLOYER DEFENDANTS have refused to pay the wages due and owed to PLAINTIFFS and Class members under the express provision of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling PLAINTIFFS and the Class to prompt payment of wages and penalties.

6.     PLAINTIFFS, for themselves and the Class, also seek injunctive relief requiring each DEFENDANTS to comply with all applicable California labor laws

1  and regulations in the future and preventing the EMPLOYER DEFENDANTS

2  from engaging in and continuing to engage in unlawful and unfair business

3  practices.  PLAINTIFFS also seek declaratory relief enumerating DEFENDANTS

4  violations so that the DEFENDANTS and the general public will have clarity and

5  guidance with regards to Defendants' future employment practices.

6  **II.     JURISDICTION**

7        7.     The Court has diversity jurisdiction over this matter pursuant to 28

8  U.S.C. § 1332.  Namely, PLAINTIFFS are residents of California and

9  DEFENDANTS' principle place of business is Utah.  Furthermore, the amount in

10  controversy exceeds the minimum jurisdictional limit of $75,000.00.

11        8.     This Court has personal jurisdiction over the DEFENDANTS because

12  they reside in, have extensive contacts with and conduct business within, the State

13  of California and this judicial district.  The causes of action asserted in this

14  Complaint arise out of DEFENDANTS' contacts with this judicial district; and

15  because DEFENDANTS have caused tortious injury to Plaintiffs in this judicial

16  district.

17        9.     Venue is proper in this district under 28 U.S.C. §1391 (b) and (c)

18  because a substantial portion of the facts and circumstances that give rise to the

19  cause of action occurred in this District.

20  **III.    PARTIES**

21        **A.     Plaintiffs**

22        10.     Plaintiff Julian Rojas is an individual residing in the County of

23  Riverside.  He was employed as a non-exempt employee by EMPLOYER

24  DEFENDANTS starting on or about April 24, 2017 in and around the County of

25  Riverside and other adjacent Counties until approximately June 13, 2019.  Plaintiff

26  Rojas is an aggrieved employee who has been subjected to the violations and

27  unlawful employment practices described herein, and who, as a result, has suffered

28  injury in fact and has lost money or property.

1        11.    Plaintiff Juan Huerta is an individual residing in the County of

2  Riverside.  He was employed as a non-exempt employee by EMPLOYER

3  DEFENDANTS from July 30, 2018 in and around the County of Riverside and

4  other adjacent Counties until approximately until June 13, 2019.  Plaintiff Huerta is

5  an aggrieved employee who has been subjected to the violations and unlawful

6  employment practices described herein, and who, as a result, has suffered injury in

7  fact and has lost money or property.

8       **B.**   **DEFENDANTS**

9        12.    On information and belief, Vivint Solar, Inc. is a Delaware

10  Corporation that is based in Lehi, Utah with locations throughout California,

11  including at 1111 E. Citrus Street, #1, Riverside, California.  Vivint Solar Inc. is a

12  residential solar provider that designs, installs, and maintains photovoltaic systems

13  who employed PLAINTIFFS and the Class of non-exempt employees

14  PLAINTIFFS seek to represent in this lawsuit.

15        13.    The true names and capacities of the Defendants, DOES 1 through 10,

16  inclusive, whether individual, corporate, associate or otherwise, are unknown to

17  PLAINTIFFS at the time of filing this COMPLAINT and PLAINTIFFS, therefore,

18  sue said DEFENDANTS by such fictitious names and will ask leave of court to

19  amend this COMPLAINT to show their true names or capacities when the same

20  have been ascertained.  PLAINTIFFS are informed and believe, and thereon

21  alleges that each of the DOE DEFENDANTS are, in some manner, responsible for

22  the events and happenings herein set forth and proximately caused injury and

23  damages to the PLAINTIFFS as herein alleged.

24        14.    PLAINTIFFS are informed and believe, and thereon allege, that at all

25  material times each Doe Defendants' actions and conduct were known to,

26  authorized, and ratified by DEFENDANTS and/or its agents. PLAINTIFFS are

27  informed and believe, and thereon alleges, that all conduct by the individual

28  DEFENDANTS that was outside of the scope of their authority was known to,

authorized, and ratified by the DEFENDANTS and/or their agents.

15.    PLAINTIFFS are informed and thereon alleges that the DEFENDANTS knowingly and willfully conspired and agreed among themselves to do the acts herein alleged. DEFENDANTS did those acts in furtherance of their conspiracy. DEFENDANTS furthered their conspiracy by cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

16.    At all times relevant herein, DEFENDANTS Does 1 through 10 were acting in the course and scope of their employment as an agent, manager, director, and/or employee of Defendant Vivint.

17.    PLAINTIFFS are informed and believe that at all times relevant to this COMPLAINT, DEFENDANTS and each of them acted within the scope of their legal employment and as an authorized agent for Vivint. Therefore, any liability under this COMPLAINT that is found against or which applies to any individual or all individual DEFENDANTS also applies to Vivint under the legal doctrine of respondeat superior. The acts or omissions of each individual Defendant are the acts and omissions of Vivint.

18.    PLAINTIFFS and the Class bring this action pursuant to the California Labor Code and IWC wage orders, seeking unpaid minimum wages, rest and meal period wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees, and costs of suit.

## IV.    **FACTUAL BACKGROUND**

19.    PLAINTIFFS bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

20.    The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by DEFENDANTS, where unpaid and improperly paid labor, as alleged herein, is a common business practice. DEFENDANTS' actions in this case demonstrate a

1 systematic disregard for the rights afforded to PLAINTIFFS and the Class under
2 California wage and hour law. The following paragraphs detail specific violations
3 of law giving rise to this action.

4     21.    PLAINTIFFS and the Class members worked a minimum of 8 hours a
5 day installing solar panels on private residences and commercial properties for
6 DEFENDANTS.  Due to the nature of the work, PLAINTIFFS and the Class
7 members were required to be on the work site, during working hours, until the
8 solar panels were installed.  Due to the volume of work that PLAINTIFFS and
9 Class members were required to perform each day, and due to the fact that
10 DEFENDANTS' supervisors pushed PLAINTIFFFS and Class member to
11 complete each installation job as quickly as possible in order to move on to the
12 next project, DEFENDANTS required PLAINTIFFS and the Class members to
13 work throughout the day, without providing 10 minute uninterrupted rest periods
14 or a 30 minute uninterrupted lunch period each day.  Moreover, PLAINTIFFS and
15 the Class were not provided premium pay for the missed lunch and rest periods.

16     22.    In addition, DEFENDANTS did not allow PLAINTIFFS and Class
17 members to leave the property where the installation was taking place during their
18 shifts.  DEFENDANTS expected PLAINTIFFS to work through their lunches and
19 breaks in order to complete each installation as quickly as possible.  This was done
20 because, on information and belief, the supervisors for PLAINTIFFS and the Class
21 members received bonus payments for each installation, so the more installations
22 that were completed a day the more bonus payments to the supervisors.

23     23.    For at least four years prior to the filing of this action and through to
24 the present (liability period for the UCL cause of action), EMPLOYER
25 DEFENDANTS maintained and enforced against PLAINTIFFS and the Class
26 unlawful practices and policies in violation of California wage and hour laws,
27 including but not limited to:

28     a.    failing to provide Class members, including PLAINTIFFS, rest

1        periods of at least (10) minutes per four (4) hours worked, or

2        major fraction thereof, and failing to pay such employees one

3        (1) hour of additional wages at the employees' regular rate of

4        compensation for each workday that the rest period was not

5        provided, in violation of California law and public policy;

6      b.    requiring Class members, including PLAINTIFFS, to work at

7        least five (5) hours without a full, thirty-minute, uninterrupted

8        meal period, and failing to pay such employees one (1) hour of

9        additional wages at the employees' regular rate of

10       compensation for each workday that the meal period was not

11       provided, in violation of California state laws and public policy;

12     c.    failing to provide Class members, including PLAINTIFFS, with

13       accurate itemized wage statements in violation of California

14       law and public policy;

15     d.    failing to maintain accurate time-keeping records for Class

16       members, including PLAINTIFFS, in violation of California

17       law and public policy;

18     e.    failing to pay to Class members, including PLAINTIFFS,

19       statutory penalties pursuant to California Labor Code §§ 201,

20       202, 203, and 226, in violation of California law and public

21       policy.

22    24.   On information and belief, EMPLOYER DEFENDANTS were on

23 notice of the improprieties alleged and/or has intentionally, deliberately, and

24 willfully carried out these unlawful and unfair business practices.

25    25.   EMPLOYER DEFENDANTS have made it difficult to account with

26 precision for the unlawfully withheld wages due to PLAINTIFFS and the Class

27 during all relevant times herein, because EMPLOYER DEFENDANTS did not

28 fully implement and preserve a record-keeping method to accurately record all

1  hours worked, wages earned and premium wages owed to its employees as

2  required for non-exempt employees by California Labor Code §§ 226 and 1174(d),

3  and Industrial Welfare Commission Wage Orders 5 & 16.

4  **V.   CLASS ALLEGATIONS**

5          26.   PLAINTIFFS bring this action on behalf of themselves and all others

6  similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of

7  Civil Procedure. PLAINTIFFS seek to represent the following "Class" composed

8  of and defined as follows:

9          All non-exempt persons who are employed, or have been
10         employed, by DEFENDANTS in the State of California
           who, within four (4) years of the filing of this Complaint,
11         have worked as non-exempt solar panel installers.

12  **A.   Numerosity**

13         27.   The potential members of the Class as defined are so numerous that

14  joinder of all the members of the Class is impracticable. While the precise number

15  of Class Members has not been determined at this time, PLAINTIFFS are informed

16  and believe that DEFENDANTS have employed hundreds of solar panel installers

17  in the State of California and who are, or have been, affected by DEFENDANTS'

18  unlawful practices as alleged herein.

19         28.   Upon information and belief, PLAINTIFFS allege that

20  DEFENDANTS' employment records would provide information as to the number

21  and location of all Class Members.  Joinder of all members of the proposed Class

22  is not practicable.

23         29.   Excluded from the Classes are the following: (1) the Defendants, and

24  any parent, subsidiary or affiliate organizations, and the officers, directors, agents,

25  servants, or employees of same, and the members of the immediate family of any

26  such person; (2) all persons and entities who timely opt out of this proceeding; (3)

27  all persons who have given valid releases releasing Defendants from the claims

28

asserted in this Complaint; (4) governmental entities; (5) all persons who, prior to the filing of this Complaint, have filed a non-class action claim against the Defendants (or any of them) for the claims asserted in this Amended Complaint; and (6) the judge(s) to whom this case is assigned, their employees and clerks, and immediate family members.

**B.    Commonality.**

30.    There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

        a.    Whether DEFENDANTS violated the California Labor Code, wage orders, or public policy, by failing to provide daily rest periods to PLAINTIFFS and the other Class members for every four hours or major fraction thereof worked, and failing to compensate said employees one hour of additional wages in lieu of each rest period denied;

        b.    Whether DEFENDANTS violated the California Labor Code, wage orders, or public policy, by failing to provide a meal period to PLAINTIFFS and the other Class members on days they worked work periods in excess of five hours, and failing to compensate said employees one hour additional wages in lieu of each meal period denied, and by deducting for lunch periods that were not taken;

        c.    Whether DEFENDANTS violated the California Labor Code, wage orders, or public policy by failing to, among other things, maintain and provide accurate records of PLAINTIFFS' and the other Class members' earned wages and work periods, accurately itemizing in wage statements all hours worked and wages earned, and accurately maintaining records pertaining to

1       PLAINTIFFS and the other Class members;

2          d.      Whether DEFENDANTS violated the California Labor Code,

3                  wage orders, or public policy, by failing to pay all premium

4                  wages due and owing at the time that any Class member's

5                  employment with DEFENDANTS terminated;

6          e.      Whether DEFENDANTS violated the California Labor Code,

7                  wage orders, or public policy by willfully refusing to pay all

8                  wages due;

9          f.      Whether DEFENDANTS committed unfair or unlawful

10                 business practices in violation of section 17200 *et seq.* of the

11                 Business and Professions Code.

12   **C.     Typicality.**

13       31.     The claims of the named PLAINTIFFS are typical of the claims of the

14   Class.  PLAINTIFFS and all members of the Class sustained injuries and damages

15   arising out of and caused by DEFENDANTS' violation of California laws,

16   regulations, and public policy as alleged herein, such that:

17         a.      The Named Plaintiffs' claims arise from the same course of

18                 conduct of Defendants giving rise to the claims of other Class

19                 Members;

20         b.      The claims of the named PLAINTIFFS and each member of the

21                 Class are based upon the same legal theories;

22         c.      The named PLAINTIFFS and each member of the Class have

23                 an interest in prevailing on the same legal claims;

24         d.      The types of damages incurred by the named PLAINTIFFS are

25                 similar to those incurred by the other Class members;

26         e.      The defenses asserted by Defendants will be very similar, if not

27                 identical, as to all named PLAINTIFFS and Class members.

28   //

### D.  Adequacy of Representation

32.     Named PLAINTIFFS are adequate representatives of the Class because, together with their legal counsel, each will fairly and adequately protect the interests of Class.  Named PLAINTIFFS and all Class members have a similar, if not identical interest in obtaining the relief sought.  Proof of the claims of the named PLAINTIFFS will also prove the claims of the Class.  Named PLAINTIFFS are not subject to any unique defenses.  Named PLAINTIFFS have no known conflict with the Class and are committed to the vigorous prosecution of this action

33.     The undersigned counsel are competent counsel experienced in class action litigation and in litigating large employment actions. Counsel will fairly and adequately protect the interests of the Class.

### E.  Certifiability

34.     The various claims asserted in this action are certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class; or adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other Class members who are not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

35.     The claims for injunctive relief in this case are certifiable under Fed. R. Civ. P. 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

36.     PLAINTIFFS' legal claims are properly certified pursuant to Rule 23(b)(3) in that common questions of law and fact predominate over questions affecting individual Class members, and because: (1) a class action is superior in

1    this case to other methods of dispute resolution; (2) the Class members have an

2    interest in class adjudication rather than individual adjudication because of their

3    overlapping rights; (3) it is highly desirable to concentrate the resolution of these

4    claims in this single forum because it would be difficult and highly unlikely that

5    the affected Class members would protect their rights on their own without this

6    class action case; (4)  the disparity between the resources of Defendant and Class

7    members would make prosecution of individual actions a financial hardship on

8    Class members or put them in fear of retaliation; (5) the prosecution of separate

9    actions by individual Class members, or the individual joinder of all Class

10   members is impractical and would create an unnecessary burden on the Court's

11   resources; and (6)  management of the class will be efficient and far superior to the

12   management of individual lawsuits.  Moreover, currently, the undersigned counsel

13   is unaware of any other pending litigation regarding this controversy and the

14   claims raised herein.

15          37.    The issues particularly common to the Class members' claims, some

16   of which are identified above, are alternatively certifiable pursuant to Fed. R. Civ.

17   P. 23(c)(4), as resolution of these issues would materially advance the litigation,

18   and class resolution of these issues is superior to repeated litigation of these issues

19   in separate trials.

20          38.    Each member of the Class has been damaged and is entitled to

21   recovery by reason of DEFENDANTS' unlawful policy and/or practice of failing

22   to compensate Class Members for all missed rest and meal periods and engaging in

23   the other unlawful practices herein complained of.

24          39.    Class action treatment will allow those similarly situated persons to

25   litigate their claims in the manner that is most efficient and economical for the

26   parties and the judicial system.  PLAINTIFFS are unaware of any difficulties that

27   are likely to be encountered in the management of this action that would preclude

28   its maintenance as a class action.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
FAILURE TO PAY EARNED WAGES
(Cal. Labor Code §§ 204, 206, 218.5, and 218.6)

40.   PLAINTIFFS restate and reincorporate by reference paragraphs 1 through 39, above, as if fully stated herein.

41.   During the relevant time period stated herein, Labor Code §204 applied to Defendants' employment of Plaintiffs.  At all times relevant hereto, Labor Code section 204 provided that all wages earned by any employee, such as Plaintiffs, in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the work was performed.  Furthermore, at all times relevant hereto, Labor Code section 204 provided that all wages earned by any employee, such as Plaintiffs, in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and 10th day of the following month.

42.   During the relevant time periods stated herein, PLAINTIFFS and the Class would work 8 hours or more a day and they did not receive the requisite two ten (10) minute uninterrupted rest periods and/or a thirty (30) minute uninterrupted meal period.  Furthermore, DEFENDANTS failed to pay PLAINTIFFS and the Class premium wages for all missed meal and rest periods and therefore violated Labor Code section 204.

43.   PLAINTIFFS and the Class have further been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  PLAINTIFFS and the Class are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

44.   WHEREFORE, PLAINTIFFS and the Class seek the relief as

described herein and below.

## SECOND CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGE
(Cal. Labor Code § 1197)

45.     PLAINTIFFS restate and reincorporate by reference paragraphs 1 through 44, above, as if fully stated herein.

46.     Labor Code section 1197 provides that "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

47.     PLAINTIFFS, and upon information and belief, the Class, allege that as a result of Defendants' routine and systematic practice of not paying PLAINTIFFS for their missed meal and rest periods, PLAINTIFFS and the Class were not paid for all of their hours and therefore did not receive minimum wage for all hours worked required by California Labor Code § 1197.

48.     As a direct and proximate result of DEFENDANTS' conduct in violation of Labor Code § 1197, the above-described employees of DEFENDANTS have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damages in amounts according to proof at trial.

49.     As a direct and proximate result of DEFENDANTS' conduct in violation of Labor Code § 1197, PLAINTIFFS and the Class are entitled to recover liquidated damages pursuant to Labor Code §1194.2, in an amount equal to the unpaid minimum wages according to proof at trial.

50.     WHEREFORE, PLAINTIFFS and the Class seek the relief as described herein and below.

## THIRD CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGES – PENALTIES
(Cal. Labor Code §1197.1)

51.     PLAINTIFFS restate and reincorporate by reference paragraphs 1

1    through 50, above, as if fully stated herein.

2        52.    Labor Code § 1197.1 provides for a civil penalty to be assessed

3    against any employer or other person acting on behalf of an employer who fails to

4    pay a wage less than the minimum fixed by law.

5        53.    At all times relevant herein, DEFENDANTS routine and systematic

6    practice of not paying PLAINTIFFS, and upon information and belief, the Class

7    for their missed meal and rest periods caused PLAINTIFFS and the Class to not

8    receive minimum wages as required by California Labor Code § 1197.

9        54.    As a direct and proximate result of DEFENDANTS' conduct in

10   violation of Labor Code § 1197, PLAINTIFFS and the Class, as employees of

11   DEFENDANTS, have suffered, and continue to suffer, losses related to the use and

12   enjoyment of wages and lost interest on such wages, all to their damage in amounts

13   according to proof at trial.

14       55.    As a direct and proximate result of DEFENDANTS' conduct in

15   violation of Labor Code § 1197, PLAINTIFFS and the Class are entitled to recover

16   liquidated damages pursuant to Labor Code §1194.2, in an amount equal to the

17   unpaid minimum wages according to proof at trial.

18       56.    WHEREFORE, PLAINTIFFS and the Class seek the relief as

19   described herein and below.

### FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE MEAL PERIODS OR PAY
ADDITIONAL WAGES IN LIEU THEREOF
(Cal. Labor Code §§ 226.7 and 512)

23       57.    PLAINTIFFS restate and reincorporate by reference paragraphs 1

24   through 56, above, as if fully stated herein.

25       58.    PLAINTIFFS and, upon information and belief, the Class were not

26   afforded meal periods as required by California law, since they were routinely

27   required to work five hours or more without a full, thirty minute, uninterrupted

28

CLASS ACTION COMPLAINT                              - 15 -
CASE NO.:

meal period, and they were not compensated for these missed meal periods.

59.    California Labor Code § 226.7 states:

(a) As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

60.    The applicable wage order issued by the Industrial Welfare Commission is Wage Order 16. Wage Order 16 states with regard to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee. (*See* Labor Code Section 512.)

\* \* \*

(D) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An on duty meal period shall be permitted only when the nature of the work prevents employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to and complies with Labor Code Section 512.

\* \* \*

(F) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. In cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the meal period provisions, the collective bargaining agreement will prevail.

61.     In this case, there was no mutual waiver of meal periods and PLAINTIFFS and the Class worked for periods of more than five hours without an off-duty meal period of at least 30 minutes. As noted above, DEFENDANTS violated California law by failing to provide meal periods mandated by Labor Code § 226.7 and the wage orders. As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

62.     As noted above, DEFENDANTS violated California law by failing to provide the meal and rest periods mandated by Labor Code § 226.7 and Wage Order 16, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided employment, or part of a contract of an unlawful adhesion.

63.     By failing to keep adequate time records required by §§ 226 and 1174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid meal period compensation due PLAINTIFFS and the Class.

64.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class have been deprived of premium wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 16.

65.     WHEREFORE, PLAINTIFFS and the Class request relief as

1    described herein and below.

2                                    **FIFTH CAUSE OF ACTION**
3                              FAILURE TO PROVIDE REST PERIODS PAY
4                              ADDITIONAL WAGES IN LIEU THEREOF
                                  (CALIFORNIA LABOR CODE§§ 226.7)

5           66.    PLAINTIFFS restate and reincorporate by reference paragraphs 1
6    through 65, above, as if fully stated herein.

7           67.    DEFENDANTS did not authorize or permit PLAINTIFFS and, upon
8    information and belief, the Class, to take all required rest periods. PLAINTIFFS
9    and, upon information and belief, the Class, routinely worked four-hour periods
10   during the day without rest periods or compensation in lieu thereof.
11   DEFENDANTS' employment practices did not provide for rest periods as
12   mandated by California law.

13          68.    California Labor Code § 226.7 states:

14
15          (a) As used in this section, "recovery period" means a cooldown
                period afforded an employee to prevent heat illness.
16
17          (b) An employer shall not require an employee to work during a
                meal or rest or recovery period mandated pursuant to an applicable
18              statute, or applicable regulation, standard, or order of the Industrial
                Welfare Commission, the Occupational Safety and Health
19              Standards Board, or the Division of Occupational Safety and
                Health.
20

21          (c) If an employer fails to provide an employee a meal or rest or recovery
22              period in accordance with a state law, including, but not limited to, an
                applicable statute or applicable regulation, standard, or order of the
23              Industrial Welfare Commission, the Occupational Safety and Health
24              Standards Board, or the Division of Occupational Safety and Health, the
                employer shall pay the employee one additional hour of pay at the
25              employee's regular rate of compensation for each workday that the meal
26              or rest or recovery period is not provided.

27          69.    The applicable wage order issued by the Industrial Welfare
28   Commission is Wage Order 16, which states with regards to rest periods:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. In cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail.

70.   DEFENDANTS violated California law by failing to provide rest periods mandated by Labor Code § 226.7 and Wage Order 16 by failing to provide one hour pay at the employees' regular rate of compensation for each workday that a required rest period was not provided.

71.   PLAINTIFFS and, upon information and belief, the Class, did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from PLAINTIFFS and Class members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of a contract of an unlawful adhesion.

72.   By failing to keep adequate time records required by §§ 226 and 174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid rest period compensation due to PLAINTIFFS and the Class.

73.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 6, and others.

74.     WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

## SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENT
(Cal. Labor Code § 226)

75.     PLAINTIFFS restate and reincorporate by reference paragraphs 1 through 74, above, as if fully stated herein.

76.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including all applicable hourly rates, and total hours worked, among other things.

77.     California Labor Code § 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

i)      gross wages earned,

ii)     total hours worked by the employee, except as provided in subdivision (j),

iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

iv)     all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v)   net wages earned;

vi)   the inclusive dates of the period for which the employee is paid,

vii)   the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

viii)   the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and

ix)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

78.   DEFENDANTS have intentionally and willfully failed to provide PLAINTIFFS and the Class with complete and accurate wage statements. The wage statements provided by DEFENDANTS to PLAINTIFFS and the Class fail to accurately reflect the net wages owed to them for their missed meal and rest periods.

79.   As a direct result of Defendants' violation of California Labor Code § 226(a), PLAINTIFFS and the Class have suffered injury and damage to their statutorily-protected rights.

80.   California Labor Code § 226(e) and (h) provide for the remedy for the violations described above:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

81.    Section 1174(d) of the California Labor Code, and Section 6 of Wage Order 16, require EMPLOYER DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. The Wage Orders also require that the employer keep accurate information showing when each employee begins and ends each work period, meal periods, and total daily hours worked." DEFENDANTS have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174. DEFENDANTS' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

82.    By failing to keep adequate time records required by §§ 226 and 1174 (d) of the Labor Code, DEFENDANTS have injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid wages due, and Plaintiffs and the Class are entitled to up to $4,000.00 in penalties.

83.    WHEREFORE, PLAINTIFFS and the Class seek the relief as described herein and below.

/ /

## SIXTH CAUSE OF ACTION

WAITING TIME PENALTIES

(Cal. Labor Code § 203)

84.    PLAINTIFFS restate and reincorporate by reference paragraphs 1 through 83, above, as if fully stated herein.

85.    Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.  Pursuant to California Labor Code § 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

86.    DEFENDANTS required PLAINTIFFS and the Class to work without compensating them for all missed meal and rest periods as described in this complaint and failed to pay these premium wages at the termination of these employees. Consequently, DEFENDANTS have violated California Labor Code §§ 201 and/or 202.

87.    California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

88.    DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, PLAINTIFFS and the Class are entitled to 30 days' wages. "30 days wages" are calculated pursuant to California

1   case law as 30 working days and not merely a month's wages.

2       89.    In calculating 30 days wages pursuant to California Labor Code §

3   203, PLAINTIFFS and the Class are entitled to compensation for all forms of

4   wages earned (even if not properly paid), including, but not limited to,

5   compensation for unprovided rest periods and unprovided meal periods,

6   compensation for work done at hourly rates below the minimum and overtime

7   wages, and other compensation due but not received.

8       90.    More than 30 working days have passed since PLAINTIFFS and

9   many members of the Class have left EMPLOYER DEFENDANTS' employ, and

10  despite this, they have not received payment pursuant to Labor Code § 203. As a

11  consequence of DEFENDANTS' willful conduct in not paying all earned wages,

12  PLAINTIFFS and the Class are entitled to 30 days' wages as a penalty under

13  Labor Code § 203 for failure to pay legal wages.

14      91.    WHEREFORE, PLAINTIFFS and the Class seek the relief as

15  described herein and below.

16              **<u>SEVENTH CAUSE OF ACTION</u>**

17              UNFAIR BUSINESS PRACTICES
            (Cal. Business & Professions Code §§ 17200, *et seq.*)

18      92.    PLAINTIFFS restate and reincorporate by reference paragraphs 1

19  through 91, above, as if fully stated herein.

20      93.    Plaintiffs hereby bring a claim for Unfair Business Practices against

21  DEFENDANTS pursuant to California Business and Professions Code §§ 17200,

22  *et seq*. The conduct of these DEFENDANTS as alleged in this Complaint has been

23  and continues to be unfair, unlawful, and harmful to PLAINTIFFS, the Class, and

24  the general public. PLAINTIFFS seek to enforce important rights affecting the

25  public interest within the meaning of California Code of Civil Procedure § 1021.5.

26      94.    California Business and Professions Code §§ 17200, *et seq.*, prohibit

27  unlawful and unfair business practices. PLAINTIFFS are a "person" within the

28

1  meaning of California Business and Professions Code § 17204, and therefore have

2  standing to bring this cause of action for injunctive relief, restitution, and other

3  appropriate equitable remedies.

4       95.    California Labor Code § 90.5(a) articulates the public policies of this

5  state to vigorously enforce minimum labor standards, to ensure that employees are

6  not required or permitted to work under substandard and unlawful conditions, and

7  to protect law-abiding employers and their employees from competitors who lower

8  their costs by failing to comply with minimum labor standards.

9       96.    Through the conduct alleged in this Complaint, DEFENDANTS have

10  acted contrary to these public policies, have violated specific provisions of the

11  California Labor Code, and have engaged in other unlawful and unfair business

12  practices in violation of California Business and Profession Code §§ 17200 *et seq.*,

13  depriving PLAINTIFFS and the Class of rights, benefits, and privileges guaranteed

14  to all employees under the law.

15       97.    DEFENDANTS' conduct, as alleged hereinabove, constituted unfair

16  competition in violation of sections 17200, *et seq.*

17       98.    DEFENDANTS, by engaging in the conduct herein alleged, by failing to

18  pay PLAINTIFFS and the Class for missed rest and meal periods, either knew or in

19  the exercise of reasonable care should have known, that the conduct was unlawful.

20       99.    As a proximate result of the above-mentioned acts of DEFENDANTS,

21  PLAINTIFFS and the Class are entitled to restitution for all of DEFENDANTS' ill-

22  gotten gains.

23       100.    Unless restrained by this Court, PLAINTIFFS believe

24  DEFENDANTS will continue to engage in the unlawful conduct as alleged above.

25  Pursuant to the California Business and Professions Code, this Court should make

26  such orders or judgments, including the appointment of a receiver, as may be

27  necessary to prevent the use or employment, by these DEFENDANTS, its agents

28  or employees, of any unlawful or deceptive business practice, disgorgement of

1  profits which may be necessary to restore to PLAINTIFFS and the Class the

2  money these DEFENDANTS have unlawfully failed to pay them.

3      101.  PLAINTIFFS further seek attorneys' fees pursuant to California Code

4  of Civil Procedure § 1021.5, on behalf of themselves and the Class.

5      102.  WHEREFORE, PLAINTIFFS and the Class seek the relief as

6  described herein and below.

## **PRAYER FOR RELIEF**

8      1.    For compensatory damages in an amount according to proof with

9  interest thereon;

10     2.    For economic and/or special damages in an amount according to proof

11  with interest thereon;

12     3.    For a declaratory judgment that DEFENDANTS violated the rights of

13  PLAINTIFFS and the Class under the California Labor Code, and applicable wage

14  orders as set forth in the preceding paragraphs;

15     4.    For an award to PLAINTIFFS and the Class of statutory damages or,

16  in the alternative, actual damages for DEFENDANTS' violations of the California

17  Labor Code;

18     5.    That DEFENDANTS be found to have engaged in unfair competition

19  in violation of California Business and Professions Code§§ 17200 et seq.;

20     6.    That DEFENDANTS be ordered and enjoined to make restitution to

21  PLAINTIFFS and the Class due to their unfair competition, including

22  restitutionary disgorgement of their wrongfully-obtained revenues, earnings,

23  profits, compensation, and benefits, pursuant to California Business and

24  Professions Code §§ 17203 and 17204;

25     7.    That DEFENDANTS be enjoined from continuing the unlawful

26  course of conduct alleged herein;

27     8.    For premium pay and statutory penalties pursuant to Labor Code§

28  203, excluding any penalties available solely through the procedures detailed in

1  Labor Code §§ 2698 et

2      seq.;

3      9.      For premium wages pursuant to Labor Code§§ 226 and 226.7;

4      10.     For minimum wages pursuant to Labor Code §§ 1197, 1194(a),

5  1194.2, and the Wage Orders;

6      11.     For liquidated damages pursuant to the Labor Code § 1194.2;

7      12.     For penalties pursuant to Labor Code§ 226.

8      13.     For attorneys' fees, interests, and costs of suit under the California

9  Labor Code including§§ 226, 1194, and pursuant to the private attorney provisions

10  of California Code of Civil Procedure § 1021.5.

11      14.     For unpaid wages, liquidated damages, penalties and other relief as

12  provided by the California Labor Code.

13      15.     For such other and further relief as the Court deems just and proper

14  excluding any penalties available solely through the procedures detailed in Labor

15  Code§§ 2698 et seq.

16

17  Dated: December 2, 2019          By:_____

18                                   Stephen M. Rinka
                                     THE RINKA LAW FIRM, PC
19                                   - And -

20                                   Matthew T. Moore
                                     MATT MOORE LAW
21
                                     Attorneys for Plaintiffs
22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFFS hereby demand trial of their claims and of the Class by jury to

3   the extent authorized by law.

4

5   Dated: December 2, 2019          By: _____

6                                         Stephen M. Rinka

7                                         THE RINKA LAW FIRM, PC
                                          - And -
8
                                          Matthew T. Moore
9                                         MATT MOORE LAW

10                                        Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28